UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUCK CREEK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:07-CV-847-WKW |
| ) | |
| JOHNNY WALKER and JOHNNY WALKER ) | |
| HOSPITALITY GROUP, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

The defendants, Johnny Walker and Johnny Walker Hospitality Group, by counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq.*

1. Plaintiff Buck Creek, Inc. ("Buck Creek") filed Civil Action No. CV-07-69 in the Circuit Court of Barbour County, Alabama (the "State Court Action"), which is within the district and division of this Court. The State Court Action seeks to pierce the corporate veil of Alabama Inns, Inc., a corporation of which Johnny Walker is an officer, in order to collect monies due to Buck Creek under a 2005 judgment awarded to Buck Creek against Alabama Inns, Inc. in the Barbour County Circuit Court.

2. Buck Creek is a corporation duly organized under the laws of the state of Alabama, with its principal place of business in Eufaula, Alabama, and therefore a citizen of the state of Alabama.

3. Johnny Walker is a citizen and resident of the state of Tennessee. Johnny Walker Hospitality Group is a trade name, not a person or entity.

4. Johnny Walker and Johnny Walker Hospitality Group are the only named defendants in the State Court Action.

185694.1

5. Johnny Walker and Johnny Walker Hospitality Group received notice of the State Court Action within thirty (30) days of the filing of this Notice of Removal.

6. Although, on its face, Buck Creek's complaint demands "$67,434.75, plus interest and costs," this amount in controversy satisfies the requirements of 28 U.S.C. § 1332. While 28 U.S.C. § 1332(a) confers diversity jurisdiction to a federal court only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," the law is well settled that federal courts include any statutorily mandated interest due on a judgment when determining the amount in controversy. *See, e.g.*, Charles Allen Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3712 (3d ed. 1998); *San Juan Hotel Corp. v. Greenberg*, 502 F. Supp. 34, 35 (E.D.N.Y. 1980); *Snider v. State Farm Mut. Auto Ins. Co.*, 360 F. Supp. 929, 931 (S.D. W. Va. 1973). Alabama permits the addition of 12% interest on a judgment. *Ala. Code* § 8-8-10 (2007). Because at least $7,565.26 in statutorily sanctioned interest has accrued on Buck Creek's 2005 judgment against Alabama Inns, Inc., the amount in controversy alleged in this case, as a matter of law, exceeds the sum or value of $75,000.[1]

7. Accordingly, the State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.

8. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as *Exhibit A*. The Civil Cover Sheet for use by the Clerk of United States District Court for purposes of initiating the civil docket sheet is attached hereto as *Exhibit B*.

9. Contemporaneously with the filing of this notice of removal in this Court, and in compliance with 28 U.S.C. § 1446(d), written notice of removal is being filed with the clerk of

---

[1] The Complaint recites at paragraph 2 that the state court judgment is for $75,921.14 and that $8,486.39 was recovered, reducing the amount to $67,434.75. The judgment is dated August 22, 2005. Assuming that the principal amount of the judgment is reduced to $67,434.75, annual interest at 12% on $67,434.75 is $8,092.17. The judgment is over two years old, so interest exceeds $16,000. Therefore the amount in controversy is not less than $83,000.

185694.1                                    2

the Circuit Court of Barbour County, Alabama, and is being served on counsel for the plaintiff.

10.   No admission of fact, law, or liability is intended by this notice of removal, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, defendants respectfully request that the State Court Action be removed from the Barbour County Circuit Court to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 19th day of September, 2007.

                               /s/ Lane Knight
                               G. Lane Knight (ASB-6748-I72K)
One of the Attorneys for Johnny Walker and Johnny Walker Hospitality Group
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104
Telephone: (334) 269-3124
Telefax: (334) 269-3115
lknight@balch.com

W. Joseph McCorkle, Jr. (ASB-3914-065W)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104
Telephone: (334) 269-3134
Telefax: (334) 269-3115
jmccorkle@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I served a copy of the foregoing by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Russell Lee Irby
P. O. Box 910
Eufaula, Alabama 36072-0910

_____
OF COUNSEL

185694.1                                    4

# EXHIBIT A

R Little
8-30-07 ©

EXHIBIT A

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| BUCK CREEK, INC., | ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. CV-07-69 |
| v. | ) ) | |
| JOHNNY WALKER and JOHNNY WALKER HOSPITALITY GROUP, | ) ) ) | |
| Defendants. | ) | |

### SUMMONS

Notice to: Johnny Walker Hospitality Group, 2416 Music Valley Drive, Suite 118, Nashville, TN 31724

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEYS, RUSSELL LEE IRBY WHOSE ADDRESS IS POST OFFICE BOX 910, EUFAULA, ALABAMA 36072-0910.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

This service by certified mail of this summons is initiated upon the written request of plaintiff's attorney, Russell Lee Irby, pursuant to Rule 4.1(c) of the Alabama Rules of Civil Procedure.

8/22/07
Date        Clerk/Register

RETURN OF SERVICE:

Certified Mail return receipt received in this office on (Date)_____(Return receipt hereto attached)

IN THE CIRCUIT COURT OF BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | |
|---|---|
| BUCK CREEK, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. CV-07-____ ) ) |
| JOHNNY WALKER and JOHNNY WALKER HOSPITALITY GROUP, | ) ) ) |
| Defendants. | ) |

## COMPLAINT

### COUNT I

1. On or about August 22, 2005, the plaintiff obtained a judgment against Alabama Inns, Inc. in the Circuit Court of Barbour County, Alabama, CV-03-225 in the amount of $75,921.14.

2. Thereafter, the plaintiff levied a garnishment against the bank account of Alabama Inns, Inc. and recovered the sum of $8,486.39 which applied as a credit against the judgment which leaves a principal balance on the judgment of $67,434.75.

3. The defendant, Johnny Walker is the principal owner of Alabama Inns, Inc. and Johnny Walker Hospitality Group and both defendants, Johnny Walker and Johnny Walker Hospitality Group are the alter egos of Alabama Inns, Inc. and used Alabama Inns, Inc. for their benefit.

4. The defendant, Johnny Walker as an officer and director of Alabama Inns, Inc. failed to keep appropriate corporate records and used Alabama Inns, Inc. for his own benefit or for the benefit of Johnny Walker Hospitality Group. Consequently, the corporate structure

1

should be disregarded and the plaintiff should be allowed to pierce the corporate veil of Alabama Inns, Inc. and look to the alter egos of said corporation for payment of said judgment.

WHEREFORE, plaintiff demands judgment against defendants Johnny Walker and Johnny Walker Hospitality Group in the amount of $67,434.75, plus interest and costs.

                                                 *Russell L. Irby* (signature)
                                                 Russell Lee Irby (IRB001)
                                                 Attorney for Plaintiff
                                                 P. O. Box 910
                                                 Eufaula, Alabama 36072-0910
                                                 (334) 687-6672
                                                 (334) 687-6671

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED:**

Mr. Johnny Walker
c/o Johnny Walker Hospitality Group
2416 Music Valley Drive, Suite 118
Nashville, TN 31724

Johnny Walker Hospitality Group
2416 Music Valley Drive, Suite 118
Nashville, TN 31724

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

BUCK CREEK, INC.,

    PLAINTIFF,

VS.

    CIVIL ACTION NO.: CV-03-225

ALABAMA INNS, INC.,

    DEFENDANT.

## ORDER

This case came on for a bench trial before the Court on July 6, 2005. At the appointed time and place, the parties appeared in Court with their respective attorneys and proceeded to take testimony. In addition to the testimony, numerous documents and photographs were offered in evidence on the trial of the case. Kim Logan and Thomas Logan, principals of Buck Creek, Inc. testified live for the plaintiff. The plaintiff's other sworn testimony included an affidavit from Kim Underwood, which counsel for both sides stipulated could be admitted into evidence. Reggie Tullis testified live for the defendant, Alabama Inns, Inc. and counsel for both sides also stipulated that the sworn affidavit of Reggie Tullis could be admitted into evidence on the trial of the case.

Based on all the foregoing, the Court finds that the parties mutually terminated the lease in question. This is substantiated by the testimony of Kim Logan, Thomas Logan and Kim Underwood all of which the Court finds creditable. In fact, defendant's agent, Kim Underwood, who was also the manager of defendant's Ramada Inn facility in Eufaula, AL at the time the lease

1

was terminated, drew up the letter of termination at the request of Reggie Tullis who told Kim Underwood what to put in the letter. Consequently, the lease was voluntarily terminated by all parties on September 29, 2003 and the defendant had no lawful right after that time to withhold plaintiff's property. The testimony is further clear to the point that Reggie Tullis, acting on behalf of defendant, Alabama Inns, Inc. bolted the doors to physically prevent the plaintiff from removing its own property from the Ramada Inn premises and that he also called in the Eufaula police to facilitate his plan to prevent the plaintiff from removing its own property from the premises. Therefore, the defendant wrongfully converted plaintiff's property by exercising unlawful dominion and control over the same at that time and the conversion continued up to the date of trial. Consequently, the defendant's conduct in this instance was willful and in violation of plaintiff's known rights and rises to a level whereby punitive damages are justified.

Based on the testimony of Kim Logan, who testified without objection and without any other proof on damages by the defendant, the personal property equipment on plaintiff's exhibit "1" that was converted by defendant from the plaintiff was valued at $40-44,000.00 at the time of the conversion. Judging these damages in the light most favorable to the defendant, Alabama Inns, Inc., the Court finds that the damages for the personal property converted by defendant from the plaintiff as shown on plaintiff's exhibit "1" are $40,000.00, at the time of conversion.

The Court further finds that the plaintiff is not entitled to damages for the ordinary renovations and repairs reflected on plaintiff's exhibit "2"; except, however, for the bar cabinets and the carpet floor covering which the Court considers to be trade fixtures and also subject to a conversion by the defendant. See *LaFarge Building Materials, Inc. v Phillip E. Stribling II and Sidney A. Evans, 880 So.2d 415 (Ala. 2003).* Again, based on the testimony of Kim Logan,

2

which was uncontradicted and the only evidence of damages the Court has before it, the bar cabinets initially cost $3,698.00 and the carpet floor covering cost $9,953.43. Kim Logan testified she had been in the restaurant business for several years and was familiar with the value of such property. According to her testimony, which was again uncontradicted, the items on plaintiff's exhibit "2" had depreciated 10-20% at the time of conversion. Again, judging this testimony in the light most favorable to the defendant and allowing for a 20% depreciated value, the plaintiff would be entitled to $10,921.14 for these trade fixtures which includes the depreciated value of $2,958.40 for the bar cabinets and $7,962.74 for the carpet floor covering at the time of the conversion.

As stated earlier, the Court believes the defendant's conduct in this case was unjustifiable after the lease ended and that defendant's conduct was willful and in violation of plaintiff's known rights for which punitive damages are warranted. The Court does hereby set the amount of punitive damages at $25,000.00. The plaintiff's claim of $3,000.00 for money due as stated in plaintiff's letter brief and the affidavit of Kim Underwood is denied because money is not generally subject to a conversion unless specifically identified.

In view of all the foregoing findings of fact, the Court does hereby award a judgment in the amount of $75,921.14 in favor of the plaintiff and against the defendant, broken down as $40,000.00 for the conversion of the personal property on plaintiff's exhibit "1"; $10,921.14 for conversion of plaintiff's trade fixtures on plaintiff's exhibit "2", and $25,000.00 punitive damages for the conversion of all such property.

It is, therefore, ORDERED, ADJUDGED and DECREED that judgment be and the same is hereby awarded in favor of the plaintiff and against the defendant in the sum of $75,921.14,

which includes $50,921.14 in compensatory damages and $25,000.00 in punitive damages.

It is further ORDERED that the costs of this case be taxed against the defendant, Alabama Inns, Inc., for which execution may issue.

DONE and ORDERED this 22nd day of August, 2005.

_____
Circuit Judge

4

| State of Alabama<br>Unified Judicial System<br><br>Form C-21 (Front) Rev.<br>10/99 | **PROCESS OF GARNISHMENT** | Case Number<br>CV-03-225 |
|---|---|---|

IN THE CIRCUIT COURT OF BARBOUR COUNTY

**NAME AND ADDRESS OF PLAINTIFF (Person Asserting Claim)**
BuckCreek, Inc., c/o Russell L. Irby, P.O. Box 910, Eufaula, AL 36072

**NAME AND ADDRESS OF DEFENDANT (Person Whose Property is Subject to Garnishment)**
Alabama Inns, Inc., Hwy. 82 & Riverside Dr., Eufaula, AL 36027 and
c/o Johnny Walker Hospitality Group, 2416 Music Valley Dr., Nashville, TN 31724

**NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF**
Russell L. Irby, Irby Law Firm, LLC, P.O. Box 910, Eufaula, AL 36072

**DATE OF JUDGMENT:** August 22, 2005
**JUDGMENT AMOUNT:** $ 75,921.14
      **COSTS:** $ 330.00
**LESS CREDIT:** $0
      **OTHER:** $ 5,333.19 (interest @ 12%)
      **TOTAL:** $ 81,584.33

**NAME AND ADDRESS OF GARNISHEES**
MidSouth Bank, 242 E. Barbour St., Eufaula, AL 36027-Acct#5145471...
MasterCard International, 2000 Purchase St., Purchase, NY 10577
VISA Card, Office of the President, P.O. Box 649, Owings Mills, MD 21117
American Express, P.O. Box 297812, Ft. Lauderdale, FL 33329-7812
Discover Financial Services, c/o CT Corporation Systems, 208 S. LaSalle St., Chicago, IL 60604

Note: Defendant's tax ID# is 58-1761936

[FILED MAR 31 2006 DAVID S. NIX, CLERK]

**AFFIDAVIT**
I make oath that the plaintiff has obtained the above judgment and believe the named garnishees are or will be indebted to the named defendant or have or will have effects of the defendant under the garnishees' control. I believe that a Process of Garnishment against the garnishees is necessary to obtain satisfaction of the judgment.

Sworn to and subscribed before me this 31 day of March, 2006.

_____
Notary Public / Clerk (Signature)

Affiant / Attorney (Signature)
Russell L. Irby

## WRIT OF GARNISHMENT

TO ANY LAW ENFORCEMENT OFFICER OF THE STATE OF ALABAMA:
You are hereby commanded to serve this Process of Garnishment on the GARNISHEES MasterCard International, 2000 Purchase St., Purchase, NY 10577, VISA Card, Office of the President, P.O. Box 649, Owings Mills, MD 21117, American Express, P.O. Box 297812, Ft. Lauderdale, FL 33329-7812, Discover Financial Services, c/o CT Corporation Systems, 208 S. LaSalle St., Chicago, IL 60604 and MidSouth Bank, 242 E. Barbour St., Eufaula, AL 36027 and a copy on the defendant, Alabama Inns, Inc. and make proper return to this court.

**NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THIS FORM (Regarding your Rights).**

**NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.**
You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the clerk of the court at the address below constitutes making a proper appearance in the court. YOU MUST ANSWER:
(1) Whether you are or were indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or
(2) Whether you will be indebted to the defendant in the future by existing contract, or
(3) Whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or
(4) Whether you have in your possession or control, money or effects belonging to the defendant.

You are commanded to retain the amount indicated above wages, salary or other compensation due or which will become due to the defendant for such period of time as is necessary to accumulate the sum $81,554.33, plus $330.00 (Judgment and costs) You are required, after a period of 30 days from the first retention of any sum from the defendants wages, salary, or other compensation to begin paying the moneys withheld into court as they are deducted or withheld and continue to do so on a monthly or more frequent basis until the full amount is withheld. If the defendant is terminated BEFORE the sum is accumulated, you are required by law to report the termination and pay into court within 15 days AFTER termination, all sums withheld in compliance with this garnishment. *(See Reverse Side for Instructions on Garnishments).* If you have in your possession or control property or money belonging to the defendant, which is NOT wages, salary or other compensation, you are further commanded to hold the property or money subject to orders of this court.

Date issued: 3/31/06    Clerk [signature]
Address:          DAVID S. NIX, CLERK
                  303 E. Broad Street
                  Room 201
                  Eufaula, Alabama 36027
The Clerk is directed to perfect service by certified mail upon the defendant and (Garnishees) as follows: Alabama Inns, Inc., Hwy. 82 & Riverside Dr., Eufaula, AL 36027, Alabama Inns, Inc., c/o Johnny Walker Hospitality Group, 2416 Music Valley Dr., Nashville, TN 31724, MidSouth Bank, 242 E. Barbour St., Eufaula, AL 36027, MasterCard International, 2000 Purchase St., Purchase, NY 10577, VISA Card, Office of the President, P.O. Box 649, Owings Mills, MD 21117, American Express, P.O. Box 297812, Ft. Lauderdale, FL 33329-7812, Discover Financial Services, c/o CT Corporation Systems, 208 S. LaSalle St., Chicago, IL 60604.

This process was executed by serving a copy on (Garnishee) ------------------------------by Certified mail on _____, certified mail return receipt received in this office on
(return receipt attached)

Form C-21 (back)    Rev.10/99    I

## NOTICE TO GARNISHEE

Note: If you have in your possession or control property or money belonging to the defendant (which is not wages salary or other compensation), you should hold the property or money subject to the orders of the court.
The formula outlined below only applies if the property sought to be garnished is wages, salary or other Compensation of the defendant. (Use the following formula to calculate a garnishment of wages, salary or other compensation)
(1) Calculate "disposable earnings" for the week (see definition of Disposable earnings" above)
(2) If the twenty-five (25 percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obt lesser amount.

OR

(3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (5 subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
(4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount garnishment for the week is the LESSER amount. Withhold this amount and pay it into court as instructed in the "\ Garnishment" on the front of this form.
(5) THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU ; ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE. PROTECTION AGAINST DISCHARGI 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for anyone indebtedness.

### NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a sums owned to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.
Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exer from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal proper including money, bank accounts, automobiles, appliances, etc. may be exempt from process of garnishment.
Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.
THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHA PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.
TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLA OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFI WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION TH/ YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE

PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIV YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest" of your cl exemption, if a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of t hearing. If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the plaintiff o judgment against you.

**TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE QUESTIONS, YOU SHOULD CONSULT A LAWYER.**

### NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's office and mailed or delivered to you by the defendant, you approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk of the court.

If a Contest is timely filed, a court hearing will be scheduled within Seven (7) calendar days (or on the next busine thereafter if the court is not open on the seventh day). You and the defendant will be notified of the time and place hearing.

If you fail to make timely Contest of the Claim of Exemption, after fifteen (15) calendar days from the filing of claim by the defendant, the Process of Garnishment and any writ of garnishment issued therein shall be dismissed c where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, SHOULD CONSULT A LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL CANNOT YOU LEGAL ADVICE.

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing on James L. Martin, Esq., P.O. Bc Eufaula, AL 36072 by placing a copy of same in the United States mail, postage prepaid and properly addre this 3ᴸ day of March, 2006.

*Russell L. Irby*
Russell Lee Irby

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David S. Nix, Circuit Clerk
303 E. Booth St.
Enterprise, AL 36027

CV-07-69

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

David S. Nix, Circuit Clerk
303 E. Booth St.
Enterprise, AL 36027

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John W. Walker Hospitality Group
2416 Music Valley Dr.
Suite 118
Nashville, TN 37214

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
                                    8-2

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7006 2760 0000 5803 8725

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. John W. Walker
John W. Walker Hospitality Group
2416 Music Valley Dr.
Suite 118
Nashville, TN 37214

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by ( Printed Name )   C. Date of Delivery
                                    3-27

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7006 2760 0000 5803 8712

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-

# EXHIBIT B

EXHIBIT B

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BUCK CREEK, INC. | JOHNNY WALKER and JOHNNY WALKER HOSPITALITY GROUP |
| (b) County of Residence of First Listed Plaintiff **Eufaula Co., AL** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant **Davidson Co., TN** (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Russell Lee Irby, PO Box 910, Eufaula, AL 36072    (334) 687-6672 | Attorneys (If Known) G. Lane Knight, Balch & Bingham LLP, 105 Tallapoosa St., Ste 200, Montgomery, AL 36104   (334) 269-3124 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |   | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |   | ☐ 630 Liquor Laws |   | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
|   | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |   | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |   |   | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: |   | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |   / ☐ 530 General |   |   |   |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |   |   | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |   |   |   |
|   |   / ☐ 550 Civil Rights |   |   | ☐ 950 Constitutionality of State Statutes |
|   | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |   |   |   |
|   | ☐ 440 Other Civil Rights |   |   |   |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332 and 1441, et seq.
Brief description of cause:
Pierce corporate veil

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Plaintiff Demands $67,434.75 plus interest and costs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____