**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| BUCK CREEK, INC., | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *   CIVIL ACTION NO.: 2:07-cv-847-MEF |
| | * |
| JOHNNY WALKER, et al., | * |
| | * |
| DEFENDANTS. | * |

**PLAINTIFF'S MOTION TO REMAND**

Comes now the plaintiff, Buck Creek, Inc., in the above styled case, and hereby moves the United States District Court, Middle District of Alabama to remand this case back to the Circuit Court of Barbour County, Alabama, Eufaula Division, for the following reasons:

**I. INTRODUCTION**

The Defendants seek removal to this Court on the basis of diversity of citizenship and the amount in controversy. The plaintiff concedes that diversity exists in this case. However, the jurisdictional amount is lacking and the case is due to be remanded to state court. The plaintiff vehemently disputes defendants' contention that the threshold amount has been reached to invoke federal court jurisdiction.

**II. FACTUAL BACKGROUND**

On August 22, 2005, Buck Creek, Inc. recovered a judgment against Alabama Inns, Inc. According to the evidentiary materials submitted by the defendants (Exhibit A), the judgment included an award of compensatory damages and punitive damages.

1

The instant case does not involve all the same parties that were involved in the underlying case of *Buck Creek, Inc. v Alabama Inns, Inc.* More specifically, Alabama Inns, Inc. is not a party to this case. This case involves the same plaintiff, namely, Buck Creek, Inc., but different defendants being Johnny Walker and Johnny Walker Hospitality Group (hereinafter collectively referred to as "Johnny Walker") under a theory seeking to pierce the corporate veil as the alter ego of Alabama Inns, Inc.

After the judgment was rendered in *Buck Creek, Inc. v Alabama Inns, Inc.,* Buck Creek levied an execution against the bank account of Alabama Inns, Inc. and recovered the sum of $8,486.39 which the plaintiff applied as a credit against the judgment leaving a balance claimed of $67,434.75. This is the specific dollar amount the plaintiff sued for in its complaint. Moreover, the plaintiff has simultaneously filed with this Motion to Remand an affidavit (plaintiff's exhibit "1") whereby the plaintiff irrevocably agrees that the amount of damages claimed in this action is and will forever be no more than $67,434.75. Likewise, the plaintiff has submitted a letter (plaintiff's exhibit "2") from her attorney to Alabama Inns, Inc.'s attorney at the time offering to settle the case for substantially less than the judgment and less than the jurisdictional amount to invoke federal court jurisdiction.

### III. ARGUMENT

**A. Standard of Review**

In the 11th Circuit, removal statutes are to be interpreted narrowly, with any doubts construed against removal. See *Williams v AFC Enter., Inc.* 389 F.3d 1185, 1189 (11th Cir. 2004); *Burns v Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Moreover, the removing party bears the burden of demonstrating federal jurisdiction. *Friedman v New York Life Ins. Co.,* 410 F.3d 1350, 1353 (11th Cir. 2005); *Pacheco de Perez v AT & T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998).

The defendants in their notice of removal have cited two cases from Charles Allen Wright, et

al. Federal Practice and Procedure § 3712 (3d ed. 1998); however, neither case is analogous or applicable here. The *San Juan Hotel* case involved a judgment recovered in Puerto Rico for a gambling debt and sued on in another jurisdiction to enforce the judgment and involved the same identical parties. That is not the case here. Buck Creek, Inc. is not suing Alabama Inns, Inc. on the original judgment. The instant case involves different defendants and a different legal theory of recovery. In the *State Farm* case cited in the notice of removal it involved a suit on an uninsured motorist policy where there was a contract of insurance which created a legal obligation to pay any judgment and interest against the uninsured motorist by State Farm. There is no contract creating a legal obligation to pay the judgment against Alabama Inns, Inc. by Johnny Walker in this case. It is anticipated that Johnny Walker's obligation to pay the debts of Alabama Inns, Inc. will be contested. Consequently, neither of defendants' cases are applicable here. Moreover, neither case is from the 11th Circuit. Additionally, the judgment rendered in the underlying case of *Buck Creek, Inc. v Alabama Inns, Inc.* included an award by the trial court of punitive damages in an amount of $25,000.00. Absent the punitive damage award, the compensatory damages were $50,921.14 which is substantially less than the jurisdictional amount. Whether tried in state court or federal court even if Johnny Walker is held liable for the compensatory damage award against Alabama Inns, Inc. there is a possibility a Court could rule as a matter of law that Johnny Walker is not liable for the punitive damage portion of the award in the original judgment.

On the other hand, the plaintiff is the master of its own claim and if it chooses to ask for less than the jurisdictional amount, only the sum actually demanded is "in controversy" for purposes of diversity jurisdiction. *Fields v Oakwood Mobile Homes, Inc., 71 F. Supp. 2d 1205.* In this case, the plaintiff specifically sued for $67,434.75. As the master of its own complaint, the plaintiff has the

**3**

right to seek an amount less than the jurisdictional amount. Where the plaintiff asserts a specific claim in an ad damnum clause less than the jurisdictional amount, the defendant must satisfy a higher burden of proof, which the 11th Circuit has characterized as the "legal certainty test". See *Burns, 31 F.3d, 1057*. Interestingly, in this *Burns* case, the plaintiff offered to settle the case for $45,000.00 which was below the jurisdictional amount. The 11th Circuit stated that the settlement offer, by itself, may not be determinative, but it counts for something. Similarly, by a letter dated October 31, 2006 (attached hereto as plaintiff's exhibit 2), the plaintiff offered to settle this case by discounting the underlying judgment by 1/3 which would be substantially less than the jurisdictional amount with or without interest. Although settlement offers by themselves may not be determinative, nevertheless just like the 11th Circuit said, they should count for something in determining whether the amount in controversy is enough to invoke federal jurisdiction. The defendant here cannot satisfy the legal certainty test because the plaintiff has sued for a specific amount, (i.e. $67,434.75) and has given an affidavit (attached hereto as plaintiff's exhibit 1) that is the amount requested and it will not seek or accept any more than that amount. Affidavits have been used in the 11th Circuit before to limit the type of damages or the amount of recovery to less than the jurisdictional amount. *Mitchell v GEICO, 115 F. Supp. 2d 1322*. So here we have a case where the plaintiff has given an affidavit limiting its recovery to less than the jurisdictional amount, a complaint on its face seeking less than the jurisdictional amount and the plaintiff's attorney offering to settle for substantially less than the federal jurisdictional amount. All of which proves that the plaintiff is not seeking an amount sufficient to invoke federal jurisdiction and this creates the kind of reasonable doubt the 11th Circuit said should be construed against removal. Consequently, this case is due to be remanded to the Circuit Court of Barbour County, Alabama, Eufaula Division.

## IV.  CONCLUSION

As stated earlier, all reasonable doubts concerning removal should be resolved in favor of the plaintiff.  This not a case involving the same identical parties with suit on the same judgment where the original defendant would be liable for post-judgment interest.  This case involves different parties with a different theory of recovery.  There is no legal certainty that Johnny Walker will be liable for the debts of Alabama Inns, Inc. in the prior case.  Even if he is held liable for the compensatory portion, he may not be liable for the punitive damage portion.  Moreover, the plaintiff has sued for a specific amount in its complaint below the jurisdictional amount and has given an affidavit that it seeks and will only accept an amount less than the jurisdictional amount.  Likewise, plaintiff's attorney offered to settle the judgment over a year afterwards for substantially less than the jurisdictional amount.  Consequently, the defendant cannot prove to a legal certainty that the amount plaintiff seeks here is more than the jurisdictional amount.  For all the foregoing reasons, this case is due to be remanded to the Circuit Court of Barbour County, Alabama, Eufaula Division.

Respectfully submitted,

/s/  **Russell Lee Irby**
Russell Lee Irby
Attorney for Plaintiff
Post Office Box 910
Eufaula, AL 36072-0910

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

5

**NORTHERN DIVISION**

| | | |
|---|---|---|
| BUCK CREEK, INC., | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.: 2:07-cv-847-MEF |
| | * | |
| JOHNNY WALKER, et al., | * | |
| | * | |
| DEFENDANTS. | * | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 9, 2007, I electronically filed the foregoing Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

G. Lane Knight, Esq.
W. Joseph McCorkle, Jr., Esq.
Balch & Bingham, LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104

                                    /s/  **Russell Lee Irby**
                                    Russell Lee Irby

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUCK CREEK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:07-cv-847-MEF |
| | ) |
| JOHNNY WALKER and JOHNNY | ) |
| WALKER HOSPITALITY GROUP, | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

Before me, the undersigned, a notary public in and for said county and said state, this day came Kimberly Logan, who is known to me and who being by me first duly sworn, deposes on oath and says as follows:

"My name is Kimberly Logan. I am president of Buck Creek, Inc., an Alabama corporation, and have personal knowledge of the facts set forth in this affidavit and authority to make this affidavit. The plaintiff irrevocably agrees that the amount of damages claimed in this action is and will forever be no more than $67,434.75. The plaintiff irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages which may be sought by or awarded in this case, and that this cap shall be set at no more than $67,434.75. The plaintiff will under no circumstances accept a judgment or settlement in this case in excess of $67,434.75. This agreement shall be binding upon any successors and assigns of the plaintiff and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the pendancy of this case or otherwise."

Buck Creek, Inc.

By: _____
Its President

PLAINTIFF'S EXHIBIT
1

STATE OF ALABAMA )
) VERIFICATION
BARBOUR COUNTY. )

    Before me, the undersigned, a Notary Public, in and for said County in said State, this day personally appeared Kimberly Logan in her capacity as president of Buck Creek, Inc., who is known to me and who being by me first duly sworn, deposes on oath and says that she has read the foregoing affidavit and the matters and things stated therein are true and correct to the best of her knowledge, information and belief and that she has the authority to sign this affidavit in her capacity as president of Buck Creek, Inc..

*/s/ Kimberly Logan*
Kimberly Logan

Sworn to and subscribed before me this 8th day of October, 2007.

(SEAL)

*/s/ Notary*
Notary Public
My Commission Expires: 6/28/08

### CERTIFICATE OF SERVICE

    I hereby certify that I have this day electronically filed the foregoing to with the Clerk of the Court using the AlaFile system and service will be perfected upon the following AlaFile participant electronically:

G. Lane Knight, Esq.
W. Joseph McCorkle, Jr., Esq.
Balch & Bingham, LLP
105 Tallapoosa St., Suite 200
Montgomery, AL 36104

This 9th day of October, 2007.

/s/ Russell Lee Irby

RUSSELL LEE IRBY
ALBERT H. ADAMS, JR.

**IRBY LAW FIRM, L.L.C.**
257 West Broad Street
Post Office Box 910
Eufaula, Alabama 36072-0910
e-mail: rusirb@bellsouth.net

Telephone (334) 687-6672
Fax (334) 687-6671

October 31, 2006

James L. Martin, Esq.
P.O. Box 14
Eufaula, AL 36072

RE:   Buckcreek, Inc. v Alabama Inns, Inc.

Dear Jim:

I acknowledge receipt of your letter dated October 24, 2006 and the documents that were enclosed with the letter. It is obvious that Johnny Walker and Johnny Walker Hospitality Group are the alter egos of Alabama Inns, Inc. and that Alabama Inns has not kept appropriate corporate records or functioned independently of its alter egos. Consequently, I feel there are grounds for a lawsuit to pierce the corporate veil and hold Johnny Walker and Johnny Walker Hospitality Group liable as the alter egos of Alabama Inns, Inc. Before undertaking such action, I wanted to see if there is any way to settle the judgment. I would recommend to my client that she discount the judgment by 1/3 of the balance. Please let me hear from you within the next couple of weeks if you are interested in this proposal.

Thank you.

Very truly yours,

Russell Lee Irby

RLI/hh



PLAINTIFF'S EXHIBIT 2