UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUCK CREEK, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:07-cv-00847 |
| ) | |
| JOHNNY WALKER and ) | |
| JOHNNY WALKER HOSPITALITY ) | |
| GROUP, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

In response to Plaintiff's Motion to Remand (the "Motion") filed by Buck Creek, Inc. ("Buck Creek" or "Plaintiff"), defendants Johnny Walker and Johnny Walker Hospitality Group (together, "Walker" or "Defendants") respectfully states to the Court as follows:

**I. INTRODUCTION**

This case was removed pursuant to 28 U.S.C. §§1332(a)(1) & 1441(b) based on diversity of citizenship among the parties and an amount in controversy exceeding $75,000.00 as expressly reflected by the Judgment (defined below) sought to be enforced against Defendants by Plaintiff. Plaintiff has conceded that there is complete diversity in this case, and removal to this Court was and remains proper notwithstanding the Plaintiff's superficial post-removal attempt to limit the amount in controversy to $67,434.75.

**II. STATEMENT OF FACTS**

Buck Creek filed Civil Action No. CV-07-69 (the "State Court Action") in the Circuit Court for Barbour County, Alabama (the "State Court"), which is within the district and division of this Court. The State Court Action seeks to pierce the corporate veil of Alabama Inns, Inc. ("AII"), a corporation of which Johnny Walker is an officer, in order to collect monies due to

186933.1

Buck Creek under a 2005 judgment (the "Judgment") awarded to Buck Creek against AII in the State Court Action in the amount of $75,921.14 plus interest and costs (the "Judgment Amount"). True and correct copies of all process, pleadings, and orders filed in the State Court Action, including but not limited to the Judgment, were attached as <u>Exhibit A</u> to the Notice of Removal commencing this case.

Plaintiff filed its Motion on October 9, 2007, contending that the jurisdictional amount is lacking where the Plaintiff unilaterally and superficially agrees to limit its damages to an amount below $75,000.00

### III.  ARGUMENT

In order to determine whether federal subject matter jurisdiction is present, the claims set forth in the State Court Complaint are considered as of the date of removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S. Ct. 586, 303 U.S. 283, 82 L.Ed. 845 (1938). Where it is facially apparent from the state court complaint that the amount in controversy likely exceeds $75,000.00, or if the defendant produces sufficient evidence that the jurisdictional amount is satisfied, remand is not warranted unless the plaintiff establishes "to a legal certainty that the claim is really for less than the jurisdictional amount." *See id.*; *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994); *Ray Mart, Inc. v. Stock Building Supply of Texas, LP*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006) (plaintiff cannot seek damages in state court that could reasonably be construed to exceed the statutory minimum and then attempt to avoid federal jurisdiction by later claiming an amount of damages below the jurisdictional minimum).[1]

---

[1] Plaintiff's "damages cap" Affidavit does not even limit what it purports to limit, much less can it be said to "clarify" what was already a clear demand exceeding $75,000.00 Even if the Plaintiff's principal damages were (initially or subsequently) "capped" at $67,434.75, such limitation does nothing to waive and release, cap or otherwise limit the *interest and costs* that also were awarded in the Judgment and then requested in the State Court Complaint. *See Mitchell v. GEICO*, 115 F. Supp. 2d 1322 (M.D. Ala. 2000) (where initial complaint vaguely sought less than $75,000 in total recovery, clarifying affidavits may justify remand under certain conditions); *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299 (M.D. Ala. 2001) (same).

Plaintiff conveniently misstates this "legal certainty" test in an attempt, despite the clarity of the State Court Complaint's damages clause, to shift the burden to the Defendant to show to a legal certainty that Plaintiff's claim exceeds $75,000.00 rather than where it belongs, on Plaintiff to show to a legal certainty that its claim is for less than the jurisdictional minimum. *See Ray Mart*, 435 F. Supp. 2d at 586; *Burns* 31 F.3d at 1094. The "legal certainty" burden falls on the Defendant only when the damages clause of the state court complaint clearly requests less than $75,000.00. *Id*.

Plaintiff's complaint here expressly demands *"$67,434.75, plus interest and costs."* This amount in controversy clearly satisfies the requirements of 28 U.S.C. § 1332 because the law is well settled that federal courts include any statutorily mandated interest due on a judgment when determining the amount in controversy. *See, e.g.*, Charles Allen Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3712 (3d ed. 1998); *San Juan Hotel Corp. v. Greenberg*, 502 F. Supp. 34, 35 (E.D.N.Y. 1980); *Snider v. State Farm Mut. Auto Ins. Co.*, 360 F. Supp. 929, 931 (S.D. W. Va. 1973). Alabama permits the addition of 12% interest on a judgment. *Ala. Code* § 8-8-10 (2007). Because at least $7,565.26 in statutorily sanctioned interest has accrued on Plaintiff's 2005 judgment against AII, the amount in controversy alleged in this case, as a matter of law, exceeds the sum or value of $75,000.00.

Plaintiff attempts to distinguish *San Juan Hotel* (*see* Motion at p. 3) on the basis that such case involved a judgment that was sought to be enforced against the same party, instead of the enforcement of a judgment against the two "different defendants" in this case. If the Court takes the Plaintiff at its word, then Plaintiff is conceding that its claim is without merit because Plaintiff admits that it is seeking to enforce its judgment against separate, distinct and "different" entities which, of course, flies in the face of its *alter ego* theory of liability. In light of such concession, the Defendants would request outright dismissal.

## IV. CONCLUSION

This civil action is between citizens of different states and the amount in controversy exceeds $75,000.00 Accordingly, diversity jurisdiction exists, removal was and is proper, and Plaintiff's Motion to Remand should be denied.

                Respectfully submitted,

                /s/ G. Lane Knight
                G. Lane Knight (ASB-6748-172K)
                One of the Attorneys for Johnny Walker and
                Johnny Walker Hospitality Group
                BALCH & BINGHAM LLP
                105 Tallapoosa Street, Suite 200
                Montgomery, Alabama 36104
                Telephone: (334) 269-3124
                Fax: (334) 269-3115
                lknight@balch.com

W. Joseph McCorkle Jr. (ASB-3914-065W)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104
Telephone: (334) 269-3134
Telefax: (334) 269-3115
jmccorkle@balch.com

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically through the CM/ECF system and that a true and correct copy has been furnished electronically on this 26th day of October, 2007, to:

Russell Lee Irby
P.O. Box 910
Eufaula, Alabama 36072-0910
irbylawfirm@bellsouth.net

    /s/ G. Lane Knight
G. Lane Knight (ASB-6748-172K)
One of the Attorneys for Johnny Walker and
Johnny Walker Hospitality Group
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, Alabama 36104
Telephone: (334) 269-3124
Fax: (334) 269-3115
lknight@balch.com