IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BUCK CREEK, INC., | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.: 2:07-cv-847-MEF |
| | * | |
| JOHNNY WALKER, et al., | * | |
| | * | |
| DEFENDANTS. | * | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

The response of the defendants to plaintiff's Motion to Remand really adds nothing new and the case is still due to be remanded to the state court of Barbour County, Alabama, Eufaula Division. Moreover, the defendants have submitted no evidentiary materials in their response. Likewise, defendants have cited absolutely no 11th Circuit case authority to support its position that interest against Alabama Inns, Inc. is due in this separate action against Johnny Walker, who was not a defendant in the initial case.

The plaintiff has cited several 11th Circuit cases to support its position. To reiterate, in the 11th Circuit, the standard of review on removal statutes is to be interpreted narrowly with doubts construed against removal. See *Williams v AFC Enter., Inc.* 389 F.3d 1185, 1189 (11th Cir. 2004); *Burns v Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Since the initial notice of removal was filed, plaintiff has submitted an affidavit irrevocably agreeing that the amount of damages claimed in this action is and will forever be no more than $67,434.75. Affidavits have been allowed in the 11th Circuit limiting the type of damages and amount of recovery to less than the jurisdictional

**1**

amount. *See Mitchell v GEICO, 1115 F. Supp.2d 1322* and also *Brooks v Pre-Paid Legal Servs., Inc., 153 F. Supp. 2d 1299 (M.D. Ala3 2001)*. Moreover, the plaintiff as the master of its own claim has the right to choose its forum and avoid federal jurisdiction on diversity of grounds by specifically electing to ask for less than the jurisdictional amount. *Fields v Oakwood Mobile Homes, Inc., 71 F. Supp. 2d 1205*. It is the plaintiff's viewpoint from which the amount in controversy is to be ascertained for purposes of determining diversity jurisdiction. *Fidelity Warranty Services, Inc. v Kidd, 45 F. Supp. 2d 1284*. Great weight is given to plaintiff's assessment of the value of plaintiff's case when determining diversity and removal jurisdiction. *Burns v Windsor Ins. Co., supra.*

The *Burns v Windsor* case is illustrative of cases such as this one where removal and remand are in conflict. In *Burns*, plaintiff's complaint sought a specific amount of $45,000.00, but plaintiff stated she may, if circumstances change, amend her initial complaint in the future and seek more damages. The removing party there like here, claims that Burns' request to cap her damages was illusory and designed only to defeat diversity jurisdiction. The District Court entered an order requiring Burns to file a statement that she would in the future attempt to collect no more than $50,000.00. The plaintiff Burns refused to sign such a statement or stipulation. On appeal the case was remanded. Here, the plaintiff has elected to voluntarily file a statement and thereby remove any question about whether it seeks more than the jurisdictional amount. Whether plaintiff's affidavit is cast in the terms of waiving interest or otherwise, the bottom line is it limits the recovery to less than the jurisdictional amount. The affidavit is clear on this point.

Also, *Burns* offered to settle for $45,000.00. The Court went on to state that this settlement offer, by itself, may not be determinative but it counts for something. In plaintiff's Motion to Remand, a letter was submitted as exhibit "2" wherein plaintiff's attorney offered to settle the balance

of the judgment by discounting it way below the jurisdictional amount (i.e. less than $50,000.00). Although this offer of settlement may not be determinative in establishing a value; nevertheless just like in *Burns,* it stands for something. That something being that plaintiff viewed the value of the case in an amount substantially less than the federal jurisdictional amount. Thus, viewing the case from plaintiff's perspective, as the law requires, even if interest is included on the judgment, the amount of plaintiff's evaluation was substantially less than the jurisdictional amount and is to be afforded some weight. Interestingly, defendants did not submit any evidentiary materials countering this offer.

The plaintiff has given the defendants credit for a partial payment recovered as a result of levying an attachment on Alabama Inns, Inc.'s bank account which reduced the amount in controversy even less. This credit goes to show the changing nature of the judgment and thus the amount in controversy. More specifically, after the plaintiff attached Alabama Inns, Inc.'s bank account to try and satisfy the judgment, on April 7, 2006 it obtained the amount of $8,486.39. The amount of the judgment with or without interest then fell below the federal court threshold. The plaintiff could not have filed suit in federal court against Johnny Walker at that time, nor could the defendant have removed it at that time because the amount was clear cut below the threshold. It is only the delay in seeking collection or payment of the balance due since that time which even gives defendant an arguable basis to seek removal.

Although the plaintiff has cited two cases, neither from the 11th Circuit to support its position that interest in this case is allowable to determine jurisdiction, other courts have a contrary view. In the case of *Reynolds v Reynolds, DC Ark. 1946, 65 F. Supp. 916, 919,* the Court said that "interest accruing after rendition of the judgment is accessory to it, (and) \*\*\* cannot be considered in determining the amount in controversy". Also, interest uniformly is excluded under the rule of *Brown*

**3**

*v Webster, 1895, 15 S. Ct. 377, 1546 U.S. 328, 89 L. Ed. 440;* if it is only incidental to the claim the plaintiff is asserting or if it arises solely by virtue of a delay in payment. Interest in this case is incidental to the plaintiff's case and is not an essential element. Moreover, most of the interest has accrued because of seeking a delay in collection or payment.

In the case of *Brooks v Pre-Paid Legal Servs., Inc. supra,* the Middle District of Alabama held where removal is based on diversity jurisdiction, a district court must give effect to a post-removal stipulation that plaintiff seeks damages in an amount less than the jurisdictional requirement for exercise of diversity jurisdiction, and remand the action to state court; that federal courts are tribunals of limited jurisdiction; that the diversity statute is strictly construed because of significant federalism concerns; that the plaintiff is master of its complaint; and that plaintiff is charged with knowledge of its complaint and amount of damages sought.

In this case, plaintiff has given a post-removal agreement that it seeks an amount less than the jurisdictional amount and agrees to be irrevocably bound by such agreement. Moreover, just like in *Brooks,* the plaintiff is the master of its own complaint and has the right to seek damages less than the jurisdictional amount. Plaintiff's viewpoint on the value of its own case should be afforded great weight where the plaintiff has made an offer to settle the case for substantially less than the jurisdictional amount and defendant has submitted no evidentiary materials to counter it. Consequently, this case is due to be remanded.

                                                Respectfully submitted,

                                                /s/ **Russell Lee Irby**
                                                Russell Lee Irby
                                                Attorney for Plaintiff
                                                Post Office Box 910
                                                Eufaula, AL 36072-0910

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072

**IN THE UNITED STATES DISTRICT COURT**

## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| BUCK CREEK, INC., | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO.: 2:07-cv-847-MEF |
| | * | |
| JOHNNY WALKER, et al., | * | |
| | * | |
| DEFENDANTS. | * | |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 6, 2007, I electronically filed the foregoing Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    G. Lane Knight, Esq.
    W. Joseph McCorkle, Jr., Esq.
    Balch & Bingham, LLP
    105 Tallapoosa Street, Suite 200
    Montgomery, AL 36104


                                              /s/  **Russell Lee Irby**
                                              Russell Lee Irby

OF COUNSEL:
Irby Law Firm, LLC
P.O. Box 910
Eufaula, AL 36072